IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAULA MCCAULEY, § | | |
|    Plaintiff, § | | |
| § | | |
| § | | |
| v. § | CIVIL ACTION NO. 3:19-cv-02673 | |
| § | | |
| § | | |
| THE KROGER CO. D/B/A KROGER STORE § | | |
| AND KROGER TEXAS, L.P. § | | |
| D/B/A KROGER STORE, § | | |
|    Defendants. § | | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Kroger Texas, L.P. (improperly named "The Kroger Co. d/b/a Kroger Store and Kroger Texas, L.P. d/b/a Kroger Store" in the cause styled *Paula McCauley v. The Kroger Co. d/b/a Kroger Store and Kroger Texas, L.P. d/b/a Kroger Store* originally pending as Cause No. DC-19-05319, 162nd District Court of Dallas County, Texas) files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

**I.**
**BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties, Defendant is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

---

[1] *See* 28 U.S.C. § 1332 (2018).

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

Kroger Texas L.P. at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio. The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principal place of business in Ohio. Neither KRGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.

## III.
## FACTUAL BACKGROUND

Plaintiff alleges that she was an invitee on Defendant's premises on or about November 20, 2018, when she slipped on slipped and fell on wet greens on the floor in the produce section. Plaintiff filed suit on April 12, 2019, in 162nd Judicial District Court of Dallas County, Texas, asserting a premises liability cause of action against Defendant.[2]

## IV.
## THE AMOUNT IN CONTROVERSY

On September 26, 2019, Kroger asked Plaintiff to stipulate that her damages do not exceed $75,000.00, exclusive of interest and costs, and asked for a response by Octo 15, 2019.[3] Plaintiff's counsel requested additional time to determine whether she would so stipulate.[4]

---

[2] Plaintiff's Original Petition (attached as Exhibit 2).

[3] *See* September 26, 2019 correspondence from Jack Ormond to Sean McCaffity (attached as Exhibit 9).

[4] *See* October 15, 2019 email exchange between McCaffity and Ormond regarding diversity jurisdiction (attached as Exhibit 10).

Plaintiff refused. Her failure to stipulate otherwise establishes that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, thereby invoking diversity jurisdiction.[5]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[6] Defendant first became aware this case was removable after Plaintiff refused to stipulate that the damages would be less than $75,000, excluding interest and costs. The case was not removable before then because Plaintiff's First Amended Original Petition merely alleged that she was seeking damages within the jurisdiction of the state court.[7] This removal is timely because it is made within thirty days after the receipt by Defendant of the document that first demonstrated the case was removable and less one year has passed since the commencement of the action in state court on April 12, 2019.[8]

## VI.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

---

[5] *See, e.g., Miranti v. Lee*, 3 F.3d 925 (5th Cir. 1993); *Cross v. Bell Helmets,* USA, 927 F. Supp 209 (E.D. Tex. 1996) ("The rule is extremely simple: If the plaintiff desires to stipulate damages less than [the jurisdictional amount], do so in the state court, and case will not be removable"); *Meier v. Coresource , Inc.*, 173 F.3d 429 (disposition table), 1999 WL 133255 at *1 (6th Cir. 1999) ("When [plaintiff] refused to stipulate that the maximum amount sought was $47,500, the district court was justified in concluding that the amount in controversy . . . was in excess of [federal jurisdictional limit]"); *Dowdy v. Allstate Prop. & Cas. Ins. Co.*, 2002 WL 31421929 (N.D. Tex. Oct. 21, 2002); *Heitman v. State Farm Mut. Auto. Ins. Co.*, 2002 WL 546756, *3 (N.D. Tex. Apr. 9, 2002) ("[plaintiff's] counsel would not enter into the stipulation. The refusal to stipulate that the amount in controversy does not exceed $75,000 indicates that the actual amount in controversy does exceed that sum"); *Del Real v. Healthsouth Corp.*, 171 F.Supp.2d 1041 (D. Ariz. 2001) (remand denied where plaintiff refused to stipulate damages below federal jurisdictional amount).

[6]   28 U.S.C. § 1446(b).

[7]   Plaintiff's First Amended Original Petition (Ex. 7) at ¶ 4.1; *see also* ¶ 9 (Damages).

[8]   *See* 28 U.S.C. § 1446(b).

## VII.
## PROCEDURAL REQUIREMENTS

Defendant filed with the 162nd Judicial District Court of Dallas County, Texas a Notice of Filing Notice of Removal to Federal Court contemporaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

(1) State court docket sheet as of November 6, 2019;

(2) Plaintiff's Original Petition (filed 04/12/19) with Service of Citation;

(3) Return of Service with Declaration (showing Defendant was served on 04/24/19);

(4) Defendant's Original Answer (filed 05/17/19);

(5) Scheduling Order (05/22/19);

(6) Letter (05/22/19) from Court regarding courtesy copy of pleadings prior to hearings;

(7) Plaintiff's First Amended Original Petition (filed 06/19/19);

(8) Defendant's letter to the state court (filed 08/09/19) regarding the parties' selection of a mediator;

(9) September 26, 2019 correspondence from Jack Ormond to Sean McCaffity requesting stipulation; and

(10) October 15, 2019 email exchange between McCaffity and Ormond regarding diversity jurisdiction.

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with the Notice:

- Civil Cover Sheet
- Supplemental Civil Cover Sheet
- Certificate of Interested Persons

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division.

        Respectfully submitted,

        /s/ Jack Ormond
        **B. Kyle Briscoe**
        State Bar No. 24069421
        kbriscoe@peavlerbriscoe.com
        **Jack Ormond**
        State Bar No. 24037217
        jormond@peavlerbriscoe.com
        PEAVLER|BRISCOE
        2215 Westgate Plaza
        Grapevine, Texas 76051
        (214) 999-0550 (telephone)
        (214) 999-0551 (facsimile)

        **ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    I certify that this document has been served on all counsel of record and in accordance with the Federal Rules of Civil Procedure on November 8, 2019.

        /s/ Jack Ormond
        Jack Ormond