# EXHIBIT 1

Exhibit 1

## Case Information

DC-19-05319 | PAULA MCCAULEY vs. The Kroger Co.

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-19-05319 | 162nd District Court | MOORE, MARICELA |
| File Date | Case Type | Case Status |
| 04/12/2019 | PROPERTY | OPEN |

## Party

PLAINTIFF
MCCAULEY, PAULA

Active Attorneys ▾
Lead Attorney
MCCAFFITY, SEAN J
Retained

Attorney
RISINGER, ALEXANDRIA M
Retained

DEFENDANT
The Kroger Co.

Aliases
*DBA* KROGER STORE AND KROGER TEXAS L.P.
*DBA* KROGER STORE
Address
SERVING CORPORATION SERVICE COMPANY
211 E 7TH ST STE620
AUSTIN TX 78701

Active Attorneys ▾
Lead Attorney
ORMOND, JOHN JACK
Retained

## Events and Hearings

04/12/2019 NEW CASE FILED (OCA) - CIVIL

04/12/2019 ORIGINAL PETITION ▼

ORIGINAL PETITION

04/12/2019 ISSUE CITATION ▼

ISSUE CITATION

Comment
ESERVE- PUT IN PROCESS QUE 4-15-2019

04/12/2019 JURY DEMAND ▼

JURY DEMAND

04/15/2019 CITATION▼

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
05/21/2019
Comment
ESERVE

05/17/2019 ORIGINAL ANSWER - GENERAL DENIAL ▼

Ans. Orig. (05-17-19).pdf

05/21/2019 RETURN OF SERVICE ▼

EXECUTED CITATION - THE KROGER CO.

Comment
EXECUTED CITATION - THE KROGER CO.

05/22/2019 SCHEDULING ORDER ▼

SCHEDULING ORDER

Comment
LEVEL 3

06/19/2019 AMENDED PETITION ▼

2019.06.19 1st Amend POP.pdf

08/09/2019 CORRESPONDENCE - LETTER TO FILE ▼

Ntc of Agreed Mediator (08-09-19).pdf

Comment
RE: NOTICE OF AGREED MEDIATOR

---

09/24/2019 CORRESPONDENCE - LETTER TO FILE ▼

2019-09-23 Court.mediator ltr.pdf

Comment
MEDIATOR

---

05/19/2020 Jury Trial - Civil ▼

162nd Cover Letter

162nd Cover Letter

162nd Cover Letter

Judicial Officer
MOORE, MARICELA

Hearing Time
9:00 AM

# Financial

No financial information exists for this case.

# Documents

ORIGINAL PETITION

JURY DEMAND

ISSUE CITATION

Ans. Orig. (05-17-19).pdf

162nd Cover Letter

162nd Cover Letter

162nd Cover Letter

EXECUTED CITATION - THE KROGER CO.

SCHEDULING ORDER

2019.06.19 1st Amend POP.pdf

Ntc of Agreed Mediator (08-09-19).pdf

# EXHIBIT 2

**Exhibit 2**



# Notice of Service of Process

**Primary Contact:**    Venessa C. Wickline Gribble
The Kroger Co.
1014 Vine Street
Cincinnati, OH 45202-1100

| | |
|---|---|
| **Entity:** | The Kroger Co.<br>Entity ID Number  2171751 |
| **Entity Served:** | The Kroger Co. |
| **Title of Action:** | Paula McCauley vs. The Kroger Co. |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Dallas County District Court, TX |
| **Case/Reference No:** | DC-19-05319 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 04/29/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Sean J. McCaffity<br>214-720-0720 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



4.24.19
4:55
PSE 349

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**

> **THE KROGER CO.**
> **D/B/A KROGER STORE AND KROGER TEXAS, LP. D/B/A KROGER STORE**
> **SERVING CORPORATION SERVICE COMPANY**
> **211 E 7TH ST STE620**
> **AUSTIN TX 78701**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **PAULA MCCAULEY**

Filed in said Court  **12th day of April, 2019** against

**THE KROGER CO. D/B/A KROGER STORE AND KROGER TEXAS, LP. D/B/A KROGER STORE**

For Suit, said suit being numbered **DC-19-05319,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of April, 2019.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _Kai Maloc_____, Deputy
KARI MALONE



---

**ESERVE**

**CITATION**

**DC-19-05319**

**PAULA MCCAULEY**
**VS.**
**THE KROGER CO.**

ISSUED THIS
**15th day of April, 2019**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  KARI MALONE, Deputy

**Attorney for Plaintiff**
SEAN J MCCAFFITY
SOMMERMAN MCCAFFITY &
QUESADA LLP
3811 TURTLE CREEK BLVD
SUITE 1400
DALLAS TX 75219
214-720-0720
Smccaffity@textrial.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-19-05319

Court No.162nd District Court

Style: PAULA MCCAULEY

vs.

The Kroger Co.

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____at _____o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows: To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
4/12/2019 2:28 PM
FELICIA PITRE
DISTRICT CLERK

JAVIER HERNANDEZ

.1 CIT/ ESERVE

JURY DEMAND                        DC-19-05319

CAUSE NO. _____

| | | |
|---|---|---|
| PAULA MCCAULEY | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE KROGER CO. D/B/A KROGER STORE | § | |
| AND KROGER TEXAS, L.P. | § | |
| D/B/A KROGER STORE | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Paula McCauley, Plaintiff, and files this her Plaintiff's Original Petition complaining of The Kroger Co. d/b/a Kroger Store and Kroger Texas, L.P. d/b/a Kroger Store (hereinafter referred to as "Defendants"), and would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.1     Pursuant to Rule 190 *et seq* of the Texas Rules of Civil Procedure, Plaintiff requests a Level III discovery control plan.

### II. REQUEST FOR DISCLOSURE

2.1     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendants to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure. Plaintiff specifically requests the responding party to produce responsive documents at the undersigned law offices within fifty (50) days of service of this request.

### III. NOTICE OF INTENT

3.1     Plaintiff gives notice of intent to utilize items produced by Defendants in discovery in the trial of this matter, and the authenticity of such items is self-proven per Texas Rule of Civil Procedure 193.7.

### IV. MINIMUM JURISDICTION

4.1     The amount in controversy, exclusive of interest and costs, is in excess of the minimum jurisdictional limits of this Court.

### V. PARTIES

5.1     The Kroger Co. d/b/a Kroger Store is a foreign for-profit corporation organized under the laws of the State of Ohio, and doing business in Dallas County, Texas. Service of process may be had upon Defendant The Kroger Co. d/b/a Kroger Store by serving a citation on its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7thStreet, Suite 620, Austin, Texas 78701-3218.

5.2     Kroger Texas, L.P. d/b/a Kroger Store is a foreign limited partnership organized under the laws of the State of Ohio, and doing business in Dallas County, Texas. This Defendant owns the property and premises where the subject incident occurred. Service of process may be had upon Defendant Kroger Texas, L.P. d/b/a Kroger Store by serving a citation on its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

5.3     Plaintiff Paula McCauley is an individual residing in Dallas County, Texas.  The last three digits of her social security number are 468.

## VI. FACTS

6.1     On November 20, 2018, Paula McCauley was shopping at Kroger Store #509, owned by The Kroger Co. d/b/a Kroger Store and Kroger Texas, L.P. d/b/a Kroger Store, located at 4901 Maple Ave. Dallas, TX 75235.

6.2     Paula McCauley was walking in Kroger Store #509 in the produce area when she slipped and fell on wet greens on the floor. Based on information and belief, in the 30 minutes before Ms. McCauley's fall there was an employee in the area that was stocking greens and allowed some wet greens to fall onto the floor. The wet greens were not open and obvious to Paula McCauley. The wet greens created a dangerous condition which caused Paula McCauley's fall.

6.3     Plaintiff's injuries as a result of this fall include a break in Plaintiff's humerus and other serious and disabling injuries.

## VII.     CAUSE OF ACTION AGAINST DEFENDANTS

7.4     Plaintiff would show that the negligent acts and omissions of said Defendant were a direct and proximate cause of the incident in question and the resulting injuries and damages she sustained. The violations, negligent acts and omissions are, among others, as follows:

a.     Creating a dangerous condition on the Defendant's premises;

b.     Failing to remove the dangerous condition created on the Defendant's premises;

c.     Failing to warn the Plaintiff of the dangerous condition created on its premises;

d.     Failing to adequately inspect the Defendant's premises for the dangerous condition created.

7.5     Said incident and resulting injuries were also proximately caused by the negligence of the Defendant, its employees, agents, and representatives.

## VIII. VICARIOUS LIABILITY

8.1    At all times material, the Defendant The Kroger Co. d/b/a Kroger Store and its employees, agents, and representatives were acting within the scope of its contract with the Defendant Kroger Texas, L.P. d/b/a Kroger Store.

## IX. DAMAGES

9.01    As a result of the incident described herein, Plaintiff incurred reasonable and necessary medical expenses and, in all reasonable probability, such medical expenses will continue in the future.

9.02    Plaintiff has experienced mental anguish in the past as a result of physical injuries and, in all reasonable probability, will sustain mental anguish in the future as a result of physical injuries.

9.03    Plaintiff has experienced physical pain and suffering in the past as a result of physical injuries, and in all reasonable probability, will sustain physical pain and suffering in the future as a result of her physical injuries.

9.04    Plaintiff has experienced physical impairment or physical incapacity in the past as a result of the incident and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

9.05    Plaintiff has suffered lost wages and/or lost earning capacity in the past as a result of the incident and, in all reasonable probability, such lost earning capacity will continue in the future.

9.06    Plaintiff has suffered disfigurement in the past as a result of the incident and, in all reasonable probability, such disfigurement will continue in the future.

9.07    As a result of the above, Plaintiff seeks damages within the jurisdictional limits of this Court.

## X. JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues in this cause.

## XI. PRAYER

10.1    Plaintiff ask upon final trial of this matter they recover a judgment against Defendants that includes:

a.    damages in excess of the minimum jurisdictional limits of this Court;

b.    pre-judgment interest as provided by law;

c.    post-judgment interest at the highest rate allowed by law;

d.    costs of suit; and

e.    all other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

SOMMERMAN, MCCAFFITY, QUESADA & GEISLER, LLP

*/s/ Sean J. McCaffity*
Sean J. McCaffity
State Bar No. 24013122
smccaffity@textrial.com
Alexandria Risinger
State Bar No. 24095215
arisinger@textrial.com
3811 Turtle Creek Dr., Suite 1400
Dallas, TX 75219
214/720-0720
214/720-0184 (fax)

ATTORNEYS FOR PLAINTIFF

CERTIFIED MAIL®

P.O. BOX 38066
DALLAS, TX 75238

7018 1130 0001 7479 3031

 

U.S. POSTAGE PAID
FCM LG ENV
DALLAS, TX
75236
APR 24  .19
AMOUNT
**$7.45**
R2305K139748-07

1000          78701

Corporation Service Company, Reg Agt
The Kroger Co.
211 E. 7th Street, Suite 620
Austin, Tx 78701-3218

# EXHIBIT 3

**Exhibit 3**

FILED
DALLAS COUNTY
5/21/2019 1:28 PM
FELICIA PITRE
DISTRICT CLERK

Daniel Macias

## CAUSE NO. DC-19-05319

### RETURN

**Came to my hand:**   April 23, 2019 at 4:45 p.m.

**To:**                          **The Kroger Co,**

__x_  Citation
__x_  Plaintiff's Original Petition
__x_  Request for Disclosure

**Delivered by me on:** **April 24, 2019 at 4:55 p.m.**

**Delivered by me at:** 211 E. 7th Street, Suite 620, Austin, Tx 78701, in Travis County, by delivering to **The Kroger Co.,** by delivering to its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, by delivering to Kyle Ratzlaff, an employee available during normal business hours to receive service of process, by Certified Mail, Return Receipt Requested, a true copy of the above specified civil process, having first endorsed on such copy the date of delivery. I am over eighteen (18) years of age and not a party to or interested in the outcome of this case. This return is attached to original process or a copy thereof. All statements and facts herein contained are within my personal knowledge.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

"My name is Alan R. Davis. My date of birth is 8/25/62. My address is P.O. Box 38066, Dallas, Texas, 75238, United States of America. I declare under penalty of perjury the foregoing is true and correct. Executed in Dallas County, Texas on May 21, 2019.

Alan R. Davis, Authorized Person, Declarant" SCH-399, Expires 7/31/20
P. O. Box 38066, Dallas, Tx 75238, (214) 893-8956
ad@investigationsltd.net



# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**

**THE KROGER CO.**
**D/B/A KROGER STORE AND KROGER TEXAS, LP. D/B/A KROGER STORE**
**SERVING CORPORATION SERVICE COMPANY**
**211 E 7TH ST STE620**
**AUSTIN TX  78701**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **PAULA MCCAULEY**

Filed in said Court  **12th day of April, 2019** against

**THE KROGER CO. D/B/A KROGER STORE AND KROGER TEXAS, LP. D/B/A KROGER STORE**

For Suit, said suit being numbered <u>**DC-19-05319,**</u> the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of April, 2019.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy

**KARI MALONE**



---

**ESERVE**

**CITATION**

**DC-19-05319**

**PAULA MCCAULEY**
**VS.**
**THE KROGER CO.**

**ISSUED THIS**
**15th day of April, 2019**

**FELICIA PITRE**
Clerk District Courts,
Dallas County, Texas

By:  KARI MALONE, Deputy

**Attorney for Plaintiff**
SEAN J MCCAFFITY
SOMMERMAN MCCAFFITY &
QUESADA LLP
3811 TURTLE CREEK BLVD
SUITE 1400
DALLAS TX  75219
214-720-0720
Smccaffity@textrial.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



## OFFICER'S RETURN

Case No. : DC-19-05319

Court No.162nd District Court

Style: PAULA MCCAULEY

vs.

The Kroger Co.

Came to hand on the _____ day of _____ , 20_____ , at _____ o'clock_____ .M. Executed at _____ ,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____ ,

20_____ , by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this _____day of _____ , 20_____ ,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

Tracking Number: 70181130000174793031

April 29, 2019, 8:14 am
Delivered
AUSTIN, TX 78744
Your item was delivered at 8:14 am on April 29, 2019 in AUSTIN, TX 78744.

April 27, 2019, 10:43 am
Delivery Attempted - No Access to Delivery Location
AUSTIN, TX 78744

April 27, 2019, 9:42 am
Arrived at Unit
AUSTIN, TX 78744

April 26, 2019, 9:44 am
Out for Delivery
AUSTIN, TX 78701

April 26, 2019, 9:34 am
Sorting Complete
AUSTIN, TX 78701

April 26, 2019, 5:22 am
Arrived at USPS Facility
AUSTIN, TX 78744

April 26, 2019, 4:22 am
Departed USPS Regional Facility
AUSTIN TX DISTRIBUTION CENTER

April 25, 2019, 9:06 am
Arrived at USPS Regional Facility
AUSTIN TX DISTRIBUTION CENTER

**April 25, 2019, 4:24 am**
**Departed USPS Regional Facility**
**COPPELL TX DISTRIBUTION CENTER**

**April 25, 2019, 12:04 am**
**Arrived at USPS Regional Origin Facility**
**COPPELL TX DISTRIBUTION CENTER**

**April 24, 2019, 6:02 pm**
**Departed Post Office**
**DALLAS, TX 75238**

**April 24, 2019, 5:01 pm**
**USPS in possession of item**
**DALLAS, TX 75238**



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

AUSTIN, TX 78701

| Certified Mail Fee | $3.50 | 0238 07 |
| --- | --- | --- |

$ $2.80

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)      $ $0.00
☐ Return Receipt (electronic)    $ $0.00     Postmark
☐ Certified Mail Restricted Delivery $ $0.00    Here
☐ Adult Signature Required       $ $0.00
☐ Adult Signature Restricted Delivery $

Postage $1.15

$ $7.45          04/25/2019

To Corporation Service Company, Reg Agt
The Kroger Co.
211 E. 7th Street, Suite 620
Austin, Tx 78701-3218

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

7018 1130 0001 7479 3031

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Corporation Service Company, Reg Agt
The Kroger Co.
211 E. 7th Street, Suite 620
Austin, Tx 78701-3218

9590 9402 4070 8092 8313 78

2. Article Number *(Transfer from service label)*

7018 1130 0001 7479 3031

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Kyle Ratzlaff                    ☐ Agent
                                   ☐ Addressee
B. Received by *(Printed Name)*    C. Date of Delivery
APR 2 9 2019

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No
   *Kyle Ratzlaff*

3. Service Type
☐ Adult Signature               ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery  ☐ Registered Mail™
☐ Certified Mail®               ☐ Registered Mail Restricted
☐ Certified Mail Restricted Delivery    Delivery
☐ Collect on Delivery           ☐ Return Receipt for
☐ Collect on Delivery Restricted Delivery  Merchandise
  Mail                          ☐ Signature Confirmation™
  Mail Restricted Delivery       ☐ Signature Confirmation
  0)                             Restricted Delivery

Domestic Return Receipt

# EXHIBIT 4

**Exhibit 4**

FILED
DALLAS COUNTY
5/17/2019 1:30 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:19-cv-02673-D   Document 1-2   Filed 11/08/19   Page 23 of 45   PageID 29

Loaidi Grove

CAUSE NO. DC-19-05319

| | | |
|---|---|---|
| PAULA MCCAULEY, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 162ND JUDICIAL DISTRICT |
| | § | |
| THE KROGER CO. D/B/A KROGER STORE | § | |
| AND KROGER TEXAS, L.P. | § | |
| D/B/A KROGER STORE, | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT KROGER TEXAS L.P.'S ORIGINAL ANSWER AND VERIFIED DENIAL

COMES NOW, Defendant KROGER TEXAS L.P. (improperly named as "The Kroger Co. d/b/a Kroger Store and Kroger Texas, L.P. d/b/a Kroger Store") and files this, its Original Answer and shows the Court as follows:

**I.**
**VERIFIED DENIAL**

1.     By way of verified denial pursuant to Rule 93 of the Texas Rules of Civil Procedure, Defendant denies that Plaintiff is entitled to recover from "The Kroger Co. d/b/a Kroger Store and Kroger Texas, L.P. d/b/a Kroger Store" in the capacity in which this entity has been sued. Defendant denies that "The Kroger Co. d/b/a Kroger Store and Kroger Texas, L.P. d/b/a Kroger Store" owned or operated the store at issue on the date of this incident. Defendant also denies that "The Kroger Co. d/b/a Kroger Store and Kroger Texas, L.P. d/b/a Kroger Store," as named, is an entity in existence. Consequently, Plaintiff has no right or potential right of recovery against "The Kroger Co. d/b/a Kroger Store and Kroger Texas, L.P. d/b/a Kroger Store" because the proper party has not been sued. *See, e.g., Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006).

**II.**
**GENERAL DENIAL**

2.      Defendant denies each and every material allegation contained in Plaintiff's Original Petition, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

**III.**
**DEFENSES**

3.      Defendant asserts that Plaintiff's contributory negligence, actions, or omissions were the sole, producing, or proximate cause of Plaintiff's damages or injuries, if any, as Plaintiff should have kept a proper lookout for her own safety and avoided the alleged unreasonably dangerous condition.

4.      To the extent applicable, Defendant may show that the acts or omissions of third persons not under the control of Defendant were the sole, producing, or proximate cause of Plaintiff's damages or injuries, if any.

5.      Defendant asserts that it had neither actual nor constructive knowledge of the condition about which Plaintiff complains and that, in any event, the alleged hazard was not "unreasonably dangerous."

6.      Defendant may alternatively show that it adequately warned Plaintiff of the condition, or that the condition was open and obvious, relieving Defendant of any duty to warn of the condition or make it safe.

7.      Defendant may further show that the accident complained of was an unavoidable accident as that term is known in law.

8.      Defendant may further show that the damages of which Plaintiff complains, if any, were the result of prior, pre-existing, or subsequent injuries, accidents or conditions, and said prior, pre-existing, or subsequent injuries, accidents, or conditions were the sole or a contributing cause of Plaintiff's damages, if any.

9.      Defendant may further show that Plaintiff breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

10.      Defendant may further show that Plaintiff is malingering as that term is known in the law.

11.      Defendant further asserts that any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

12.      Defendant asserts that it is entitled to contribution, indemnity, and all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law, in the unlikely event that an adverse judgment is rendered against it in this matter.

13.      Defendant contends that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

**IV.**
**PRAYER**

Defendant respectfully prays that Plaintiff take nothing by this cause of action, that

Defendant be permitted to recover the costs expended on its behalf, and for such other and

further relief to which Defendant may show itself justly entitled, in law or in equity.

Respectfully submitted,

/s/ Jack Ormond
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Jack Ormond**
State Bar No. 24037217
jormond@peavlerbriscoe.com
**PEAVLER I BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (Telephone)
(214) 999-0551 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served
on all counsel of record in accordance with the Texas Rules of Civil Procedure on May 17, 2019.

/s/ Jack Ormond
Jack Ormond

## VERIFICATION

STATE OF TEXAS                    §
                                 §
COUNTY OF DALLAS                  §

Before me, the undersigned authority, did personally appear Jack Ormond, who upon his oath deposes and says that he is one of the attorneys for Defendant, that he has never been convicted of a crime, and that he is over the age of 21 and competent to make this verification. Accordingly, Mr. Ormond verifies that the facts alleged in Paragraph 1 of the foregoing pleading are true and correct.

_____
Jack Ormond

Subscribed and sworn to before me on this 17th day of May, 2019.

_____
NOTARY PUBLIC in and for the State of Texas

STEPHANIE MACDONALD
Notary Public, State of Texas
Comm. Expires 11-20-2021
Notary ID 131357315

# EXHIBIT 5

**Exhibit 5**

CAUSE NO. DC-19-05319

**PAULA MCCAULEY**

vs.

**The Kroger Co.**

In the District Court
Dallas County, Texas
**162nd District Court**

## 162nd UNIFORM SCHEDULING ORDER (LEVEL 3)
(Revised for the 162nd District Court April 9, 2018)

In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure, the Court makes the following order to control the schedule of this cause.

1.     This case will be ready and is set for Jury trial on 05/19/2020 at 9:00 a.m.  (the "Trial Setting"). Reset or continuance of the Trial Setting will not alter any deadlines in this Order or established by the Texas Rules of Civil Procedure, unless otherwise provided by order. All parties are required to announce for trial on the Thursday before their trial begins on Tuesday at 9:00 a.m.  Failure to announce by 10:30 a.m. on the Friday before the designated trial setting may result in dismissal of the case. Cases not reached on the designated trial date are to be ready for trial on a 24-hour notice during their two-week trial docket.  If not reached as set, the case will be carried to the next week.  Failure to comply with the deadlines contained herein shall not support a motion to continue this matter.

2.     Pretrial matters will be complete by the following dates:

a.     amended pleadings asserting
         new causes of action or defenses..........................120 days before the Trial Setting
b.     fact discovery closes............................................105 days before the Trial Setting
c.     party seeking affirmative relief to designate
         experts & provide reports....................................105 days before the Trial Setting
d.     party opposing affirmative relief to designate
         experts & provide reports....................................90 days before the Trial Setting
e.     designation of rebuttal experts
         & provide reports ................................................75 days before the Trial Setting
f.     all expert discovery closes....................................45 days before the Trial Setting
g.     other amended pleadings......................................45 days before the Trial Setting
h.     all dispositive motions will be heard............30 days before the Trial Setting

The parties may by written agreement alter these deadlines. Amended pleadings responsive to timely filed pleadings under this schedule may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond.  Except by agreement of the party, leave of court, or where expressly authorized by the Texas Rules of Civil Procedure, no party may obtain discovery of information subject to disclosure under Rule 194 by any other form of discovery.

3.     Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions must be filed no later than seven (7) days after the close of expert discovery, or such objection is waived.  Any motion to compel responses to discovery (other than relating to factual matters arising after the end of fact discovery) must be filed no later than seven (7) days after the close of fact discovery or such complaint is waived, except for the sanction of exclusion under Rule 193.6

4.     Each side may have 75 hours of depositions and each party may have 50 interrogatories, subject to the conditions of Rule 190.3(b) (2) and (3).

5.     No additional parties may be joined more than eight (8) months after the commencement of this case except on motion for leave showing good cause. This paragraph does not otherwise alter the requirements of Rule 38. The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party.

6.     The parties shall mediate this case no later than thirty (30) days before the Initial Trial Setting, unless otherwise provided by court order. Mediation will be conducted in accordance with the Standing Dallas County Civil District Court Order Regarding Mediation, which is available on the court's website. All parties shall contact the mediator to arrange the mediation

The mediator may be selected by agreement of all parties.   The parties have ninety (90) days from the date this Order to select a Mediator and to advise the court in writing of the mediator selected. If the parties fail to do so, the court will appoint a mediator.

7.     Fourteen (14) days before the Trial Setting, in jury trial, the parties shall exchange a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery; over-designation is strongly discouraged and may be sanctioned. Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation. Rule 193.7 applies to this designation. Seven (7) days before the Trial Setting, in non-jury cases, the parties shall exchange and file with the Court Proposed Findings of Fact and Conclusions of Law. On or before Ten (10) days before the Trial Setting, the attorneys in charge for all parties shall meet in person to confer on stipulations regarding the materials to be submitted to the Court under this paragraph and attempt to maximize agreement on such matters. By 4 pm on the Thursday before the Trial Setting, the parties shall file with the Court the materials stated in Rule 166(e)-(1), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine. Failure to file such materials may result in dismissal for want of prosecution or other appropriate sanction.

Plaintiff/Plaintiff's counsel shall serve a copy of this order on any currently named defendants answering after the date of this order.

**The Court expects the parties to be familiar with the Court's Policies and Procedures located on the Court's website.**

SIGNED May 22, 2019.

_____

**District Judge**

# EXHIBIT 6

**Exhibit 6**



# In The District Court
# of Dallas County, Texas
# 162nd District Court

May 22, 2019

JOHN JACK ORMOND
2215 WESTGATE PLAZA
GRAPEVINE TX  76051

IN RE:  DC-19-05319
          PAULA MCCAULEY  vs.  The Kroger Co.

## THE COURT REQUIRES A COURTESY COPY OF ALL PLEADINGS SCHEDULED FOR HEARING ONE WEEK BEFORE THE HEARING

PLEASE NOTE THE FOLLOWING:

ORDER SIGNED.

Melinda Thomas, Court Coordinator
162nd Judicial District Court
George L. Allen, Sr. Courts Bldg. - 7th Floor
600 Commerce Street, Room 730B
Dallas, TX  75202
214-653-7348 (office)
214-653-7195 (fax)
mthomas@dallascourts.org
Review your case information at:  http://courts.dallascounty.org
Revised Dallas Local Rules can be found at: www.dallascourts.com-rules-locrulnw.htm.url

# UPDATE YOUR CONTACT INFORMATION AT: www.dallascourts.com

All counsel of record and pro se litigants must be copied
on all e-mail and fax communications to the Court
**"MEDIATION MUST OCCUR PRIOR TO YOUR TRIAL SETTING"**

# EXHIBIT 7

**Exhibit 7**

CAUSE NO. DC-19-05319

| | | |
|---|---|---|
| PAULA MCCAULEY | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| THE KROGER CO. D/B/A KROGER STORE | § | |
| AND KROGER TEXAS, L.P. | § | |
| D/B/A KROGER STORE | § | |
|     Defendants. | § | 162ND JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Paula McCauley, Plaintiff, and files this her First Amended Plaintiff's Original Petition complaining of The Kroger Co. d/b/a Kroger Store and Kroger Texas, L.P. d/b/a Kroger Store (hereinafter referred to as "Defendants"), and would respectfully show unto the Court as follows:

### I.  DISCOVERY CONTROL PLAN

1.1     Pursuant to Rule 190 *et seq* of the Texas Rules of Civil Procedure, Plaintiff requests a Level III discovery control plan.

### II. REQUEST FOR DISCLOSURE

2.1     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendants to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure.  Plaintiff specifically requests the responding party to produce responsive documents at the undersigned law offices within fifty (50) days of service of this request.

### III. NOTICE OF INTENT

3.1     Plaintiff gives notice of intent to utilize items produced by Defendants in discovery in the trial of this matter, and the authenticity of such items is self-proven per Texas Rule of Civil Procedure 193.7.

### IV. MINIMUM JURISDICTION

4.1     The amount in controversy, exclusive of interest and costs, is in excess of the minimum jurisdictional limits of this Court.

### V. PARTIES

5.1     The Kroger Co. d/b/a Kroger Store is a foreign for-profit corporation organized under the laws of the State of Ohio, and doing business in Dallas County, Texas. Service of process may be had upon Defendant The Kroger Co. d/b/a Kroger Store by serving a citation on its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7thStreet, Suite 620, Austin, Texas 78701-3218.

5.2     Kroger Texas, L.P. d/b/a Kroger Store is a foreign limited partnership organized under the laws of the State of Ohio, and doing business in Dallas County, Texas. This Defendant owns the property and premises where the subject incident occurred. Service of process may be had upon Defendant Kroger Texas, L.P. d/b/a Kroger Store by serving a citation on its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

5.3     Plaintiff Paula McCauley is an individual residing in Dallas County, Texas.  The last three digits of her social security number are 468.

## VI. FACTS

6.1     On November 20, 2018, Paula McCauley was shopping at Kroger Store #509, owned by The Kroger Co. d/b/a Kroger Store and Kroger Texas, L.P. d/b/a Kroger Store, located at 4901 Maple Ave. Dallas, TX 75235.

6.2     Paula McCauley was walking in Kroger Store #509 in the produce area when she slipped and fell on wet greens on the floor. Based on information and belief, in the 30 minutes before Ms. McCauley's fall there was an employee in the area that was stocking greens and allowed some wet greens to fall onto the floor.  The wet greens were not open and obvious to Paula McCauley.  The wet greens created a dangerous condition which caused Paula McCauley's fall.

6.3     Plaintiff's injuries as a result of this fall include a break in Plaintiff's humerus and other serious and disabling injuries.

## VII.     CAUSE OF ACTION AGAINST DEFENDANTS

7.4     Plaintiff would show that the negligent acts and omissions of said Defendant were a direct and proximate cause of the incident in question and the resulting injuries and damages she sustained.  The violations, negligent acts and omissions are, among others, as follows:

    a.     Creating a dangerous condition on the Defendant's premises;

    b.     Failing to remove the dangerous condition created on the Defendant's premises;

    c.     Failing to warn the Plaintiff of the dangerous condition created on its premises;

    d.     Failing to adequately inspect the Defendant's premises for the dangerous condition created.

7.5     Said incident and resulting injuries were also proximately caused by the negligence of the Defendant, its employees, agents, and representatives.

## VIII. VICARIOUS LIABILITY

8.1     At all times material, the Defendant The Kroger Co. d/b/a Kroger Store and its employees, agents, and representatives were acting within the scope of its contract with the Defendant Kroger Texas, L.P. d/b/a Kroger Store.

## IX. DAMAGES

9.01     As a result of the incident described herein, Plaintiff incurred reasonable and necessary medical expenses and, in all reasonable probability, such medical expenses will continue in the future.

9.02     Plaintiff has experienced mental anguish in the past as a result of physical injuries and, in all reasonable probability, will sustain mental anguish in the future as a result of physical injuries.

9.03     Plaintiff has experienced physical pain and suffering in the past as a result of physical injuries, and in all reasonable probability, will sustain physical pain and suffering in the future as a result of her physical injuries.

9.04     Plaintiff has experienced physical impairment or physical incapacity in the past as a result of the incident and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

9.05     Plaintiff has suffered disfigurement in the past as a result of the incident and, in all reasonable probability, such disfigurement will continue in the future.

9.06     As a result of the above, Plaintiff seeks damages within the jurisdictional limits of this Court.

## X. JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues in this cause.

PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION– PAGE 4

## XI. PRAYER

10.1      Plaintiff ask upon final trial of this matter they recover a judgment against Defendants that includes:

        a.      damages in excess of the minimum jurisdictional limits of this Court;

        b.      pre-judgment interest as provided by law;

        c.      post-judgment interest at the highest rate allowed by law;

        d.      costs of suit; and

        e.      all other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

SOMMERMAN, MCCAFFITY, QUESADA & GEISLER, LLP

*/s/ Sean J. McCaffity*
Sean J. McCaffity
State Bar No. 24013122
smccaffity@textrial.com
Alexandria Risinger
State Bar No. 24095215
arisinger@textrial.com
3811 Turtle Creek Dr., Suite 1400
Dallas, TX  75219
214/720-0720
214/720-0184 (fax)

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify by my signature above that a true and correct copy of the foregoing instrument has this date been sent to all attorneys of record in the above-styled and numbered matter, said service being effected in the following manner:

Certified Mail/Return Receipt Requested      _____

Hand Delivery      _____

Facsimile      _____

Electronic Mail      _____

Electronic Filing      \_\_X\_\_\_\_

DATED: June 19, 2019

# EXHIBIT 8

**Exhibit 8**

FILED
DALLAS COUNTY
8/9/2019 2:46 PM
FELICIA PITRE
DISTRICT CLERK

# PEAVLERBRISCOE
### TRIAL ATTORNEYS AND COUNSELORS

**Jack Ormond**
jormond@peavlerbriscoe.com**CAROLYN SELLERS**
(817) 756-7415

August 9, 2019

***Via Electronic Filing***
162nd District Court
George L. Allen, Sr. Courts Building – 7th Floor
600 Commerce Street, Room 730B
Dallas, TX 75202

Re: Cause No. DC-19-05319; *Paula McCauley v. The Kroger Co. d/b/a Kroger Store and Kroger Texas, L.P. d/b/a Kroger Store;* pending in the 162nd Judicial District Court, Dallas County, Texas

To the Clerk of the Court:

Please be advised the parties have agreed to appoint Jim Juneau of Gilbert Mediation Group, CBS Television Tower, 12001 N. Central Expwy, Ste 650, Dallas, Texas 75243, to act as mediator in the above-captioned action.

Please do not hesitate to contact me if you should have any questions.

Sincerely,

*/s/ Jack Ormond*

Jack Ormond

JO/msf

cc: Sean J. McCaffity
Alexander Risinger
SOMMERMAN, MCCAFFITY, QUESADA & GEISLER, LLP
3811 Turtle Creek Dr., Suite 1400
Dallas, Texas 75219

# EXHIBIT 9

**Exhibit 9**



**Jack Ormond**
jormond@peavlerbriscoe.com
(817) 756-7415

September 26, 2019

***Via Email***
Sean J. McCaffity
Alexander Risinger
SOMMERMAN, MCCAFFITY, QUESADA & GEISLER, LLP
3811 Turtle Creek Dr., Suite 1400
Dallas, Texas 75219

Re:   Cause No. DC-19-05319; *Paula McCauley v. The Kroger Co. d/b/a Kroger Store and Kroger Texas, L.P. d/b/a Kroger Store;* pending in the 162nd Judicial District Court, Dallas County, Texas

Sean:

Because we are attempting to ascertain the amount in controversy, we request that Plaintiff stipulate that she is not seeking, and will not amend her Petition to seek in the future, damages in excess of $75,000, exclusive of interest and costs. Furthermore, in the event a jury awards more than $75,000 in damages, we request that Plaintiff agree and stipulate to a remittitur that establishes the total damages awarded to Plaintiff will be capped at $75,000, exclusive of interest and costs.

Please sign below and return this stipulation if Plaintiff will so stipulate.  If we do not hear back from you within a reasonable period of time, but in no event later than October 15, 2019 at 5:00 p.m., we will assume that Plaintiff refuses to stipulate. As you may know, case law in the Fifth Circuit supports the argument that a refusal to stipulate that a plaintiff will not amend her petition or otherwise limit her recovery to $75,000, exclusive of interest and costs, will establish by a preponderance of the evidence that the plaintiff's claim is removable under 28 U.S.C. §§ 1332, 1441 and 1446. If Plaintiff fails and refuses to enter this stipulation, we intend to use such failure and refusal to establish that the amount in controversy actually exceeds $75,000, exclusive of interest and costs.

Please do not hesitate to contact me if you should have any questions.

Sincerely,

*/s/ Jack Ormond*
Jack Ormond

**So Stipulated:**

_____
Sean J. McCaffity
Attorney for Plaintiff

# EXHIBIT 10

**Exhibit 10**

| **From:** | Jack Ormond |
| **To:** | Sean McCaffity |
| **Cc:** | Joy Rose |
| **Subject:** | RE: Diversity jurisdiction: McCauley v. Kroger |
| **Date:** | Tuesday, October 15, 2019 6:09:09 PM |

Sure. Can you let us know by the end of the week?

Jack Ormond
jormond@peavlerbriscoe.com
PEAVLER|BRISCOE
2215 Westgate Plaza
Grapevine, TX  76051
214.999.0550 main
817.756.7415 direct

-----Original Message-----
From: Sean McCaffity <SMcCaffity@textrial.com>
Sent: Tuesday, October 15, 2019 1:24 PM
To: Jack Ormond <jormond@peavlerbriscoe.com>
Subject: Diversity jurisdiction

Can you give me some more time on the amount in controversy letter?  I've not had a chance to visit with Alex about it in the McCauley case.