IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAULA MCCAULEY, <br><br>    **Plaintiff.** <br><br> VS. <br><br><br><br> THE KROGER CO. D/B/A KROGER STORE, <br> AND KROGER TEXAS, L.P. <br> D/B/A KROGER STORE. <br> **Defendants.** | § § § § § § § § § § § § § § § § § § §  CIVIL ACTION NO. 3:19-cv-02673 |

### PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Paula McCauley, Plaintiff, and files this her Plaintiff's Motion to Remand and would respectfully show unto the Court as follows:

### I. SUMMARY OF ARGUMENT

1. Despite verbal agreement from Plaintiff's counsel concerning the amount of damages in this case and discovery responses establishing the amount-in-controversy well below this Court's jurisdictional threshold, Defendant Kroger used a lack of written response to a requested damage stipulation as sufficient basis for diversity jurisdiction. No pleadings or discovery response affirmatively establishes an amount-in-controversy in excess of $75,000.00. Indeed, Plaintiff's claim is less than $75,000.00 and under no circumstances will she seek or accept more than

$75,000.00; therefore, this Court lacks subject matter jurisdiction because diversity jurisdiction does not exist. This Court must remand.

## II. SUMMARY OF CASE & BACKGROUND:

2. Plaintiff filed her Original Petition in the 162nd Judicial District Court of Dallas County, Texas on April 12, 2019 to recover damages from The Kroger Co., d/b/a Kroger Store and Kroger Texas, L.P. ("Defendant" or "Kroger") related to an incident in which Ms. McCauley fell and was seriously injured as a result of leafy greens, debris and water left on the ground in the store. The Original Petition did not plead a specific dollar damage amount.

3. On October 31, 2019, Plaintiff served her demand on Defendant offering to settle her case for $75,000.00.

4. On November 8, 2019, Defendant filed its Notice of Removal based on diversity of citizenship and amount in controversy, but offers no affirmative evidence establishing the amount-in-controversy. Instead, Defendant only offers an unsigned request for written stipulation.

5. Between October 15, 2019 and November 5, 2019, Plaintiff's counsel, Alexandria Risinger, told Defense counsel that Plaintiff counsel was in agreement with the stipulation and would sign once written approval was received back from Plaintiff. Plaintiff's counsel left on vacation on November 6, 2019. Defendant filed its Notice of Removal without calling or following up with Plaintiff's counsel on November 8, 2019, but after being told Plaintiff was in agreement that damages did not exceed $75,000.00 and after receiving a demand for $75,000.00 only.

### III. ARGUMENTS & AUTHORITIES

### A. Remand is Favored Under the Law

6. Section 1332 of Title 28 of the United State Code provides that the Court has original jurisdiction of an action where "the matter in controversy <u>exceeds</u> the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different states..." (emphasis added).

7. The party invoking a court's removal jurisdiction bears the burden of establishing and proving federal jurisdiction. *See Manguno v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997)(citation omitted). Thus, the burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction - Kroger in this case. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). The removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 729, 723 (5th Cir. 2002).

8. When a case is removed on diversity grounds and the petition does not allege a specific amount of damage, the removing defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The removing defendant can satisfy its burden by showing that it is facially apparent from the Plaintiff's Petition that the claims are above jurisdictional amount, or, if the value of a claim is not apparent, by setting forth facts, either in the removal petition or by affidavit, that support a finding of the requisite amount. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 640 (5th Cir. 2003); *see also Corley v. Southwestern Bell Tel. Co.*, 924 F.Supp. 782, 786 (E.D. Tex. 1996) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163, n. 6

(5th Cir. 1992)). Further, any ambiguities or doubts should be construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

### B. It is Not Facially Apparent that Plaintiff's Claims are Above $75,000.00

9. Defendant failed to show that is facially apparent from the Plaintiff's Petition that Plaintiff's claims exceed the jurisdictional amount. On its face, Plaintiff's Petition did not allege that her claims exceed $75,000.00. Plaintiff did not allege a specific amount of damages in her Petition. See Appendix at 000001-000005.

### C. Evidence Offered by Kroger Does Not Support Its Contention that the Amount in Controversy Exceeds $75,000.

10. Courts have found that in situations where the facially apparent test is not met, the district court can then require parties to submit summary judgment-type evidence. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). As the value of Plaintiff's claim is not apparent, Defendant bears the burden to establish, either by the removal petition or by affidavit, a finding of the requisite jurisdictional amount. Defendant failed to provide any evidence that the damages in this case exceed $75,000.00, excluding interest and costs. A remand is required.

By contrast, there is ample evidence that Plaintiff's claims do not satisfy the requisite amount in controversy. Plaintiff's medical bills total $21,281.51; well below the jurisdictional threshold. See Appendix at 000006-000018. Understanding this, Defendant attempted to engineer diversity jurisdiction by requiring a stipulation by a date certain and threatened to remove on the basis that a refusal to stipulate would be some evidence the damages were in excess of the $75,000.00 threshold. See Appendix at 000019. Plaintiff did not directly respond in writing, but did make a written settlement demand at the $75,000.00 limit, signaling to the Defendant that the case was worth no more than $75,000.00. See Appendix at 000020-000021. On October 31, 2019,

Plaintiff sent a demand offering to settle this case for $75,000.00. Plaintiff did not refuse to stipulate to $75,000.00; rather, Plaintiff had simply not yet returned a signed copy of the letter before removal. Based on this evidence alone, this Court should remand. Moreover, Plaintiff's counsel did inform Defendant that the stipulation would be acceptable, but merely failed to return the writing signed before Defendant's self-imposed and entirely artificial deadline.

11. Defendant alleges that removal is appropriate because: "Plaintiff refused to stipulate that the damages would be less than $75,000.00, excluding interest and costs." Even if this was true[1], a refusal to stipulate is a factor considered by courts, but is not sufficient by itself to establish jurisdiction. *See Johnson v. Dillard Dept. Stores, Inc.,* 836 F.Supp. 390, 394 (N.D.Tex.1993) (treating refusal to stipulate to damages below threshold as a factor in favor of denying remand, but insufficient by itself); *Cox v. Liberty Mut. and Credit Collection Services,* Civ. No. 3:10–CV–1956–M, 2011 WL 98374, at *2 (N.D.Tex. Jan.12, 2011) (considering refusal to stipulate insufficient basis to remand when combined with specific and undisputed economic damages of $348). Additionally, other district courts have noted the difference between an affirmative refusal and an omission by the plaintiff to respond (such as the present case), when considering stipulations as a factor in removal. *See Santiago v. State Farm Lloyds*, 7:13-CV-83, 2013 WL 1880845, at *4 (S.D. Tex. May 3, 2013) (affirmative rejection stands in contrast to the inadvertent omissions of other remand-seeking plaintiffs who have appeared before the Court).

12. Looking at the facts of this case and considering judicial economy, the failure to respond to a request to stipulate should not result in Plaintiff's case, whose damages do not meet

---

[1] Plaintiff disputes that there was an actual refusal to stipulate as Plaintiff's counsel verbally agreed to sign the stipulation, but did not do so before the notice of removal was filed.

the amount in controversy, being brought into federal court on diversity jurisdiction. "Common sense" may guide a court's remand analysis. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995); *see also Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 213 (E.D. Tex. 1996) (applying "common experience" to a remand analysis). In *Hanna v. Allstate Tex. Lloyd's*, the Court found that it cannot determine the amount in controversy without an indication of the extent or value of the property damage, stating

> "[i]f the Court were to find that the amount in controversy requirement could be satisfied on the face of the complaint based solely on the type of damages sought, then a plaintiff claiming a variety of damages would always meet the amount in controversy requirement, regardless of the true extent of the underlying loss. Cases involving small amounts of harm would inappropriately be swept into federal court based simply on the fact that a plaintiff sought multiple types of damages awards. This would conflict with the federalism concerns underlying the strict construction of removal statutes."

*Hanna v. Allstate Tex. Lloyd's*, 2011 U.S. Dist. LEXIS 126725, at *13 (W.D. Tex. Nov. 2, 2011);

*Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995).

13. As stated, in the presence of the factual context to the amount of damages in this case, it is not facially apparent that Plaintiffs' claims will likely exceed the jurisdictional amount and this case should be remanded.

### D. Remand is untimely.

14. Defendant removed the case approximately six months after it filed an Original Answer. Defendant removed the case approximately sixty days after it was served with discovery responses indicating the Plaintiff's medical expenses were approximately $16,500. See Appendix 000022-000029. There were no "other pages" that Defendants can point to that established a new amount in controversy in excess of $75,000.00 sufficient to trigger diversity jurisdiction. This is a routine slip and fall case with damages below the jurisdictional floor and Defendant has had sufficient time for discovery regarding damages. Indeed, the Defendant has known what this case

is about for many months before deciding to remove. Relying on an unsigned offer to stipulate to damages as the only evidence of damages in excess of the amount-in-controversy requirement is simply not sufficient proof.

15. Faced with the prospect of a state court trial, Defendant instad demanded a stipulation to fabricate a basis for removal in the event Plaintiffs did not agree. But Defendant cannot resuscitate an expired removal deadline, partricularly in the face of both a verbal agreement that the stipulation would, in fact, be agreeable and a demand to settle the case that did not exceed the amount-in-controversy threshold. Given this record, the removal is untimely and the Court lacks subject matter jurisdiction.

## IV. CONCLUSION

15. Plaintiff's Original Petition contains no specific claim for damages, therefore the amount in controversy is not facially apparent from the Petition, and removal is only proper where a sufficient amount in controversy is supported by a preponderance of the evidence. Kroger has not proffered evidence that proves by a preponderance of the evidence the amount in controversy exceeds $75,000. For all of the above reasons, this matter should be remanded to the 162nd Judicial District Court of Dallas County, Texas

### *PRAYER*

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Paula McCauley, respectfully prays this Honorable Court to grand Plaintiff's Motion to Remand and remand this case back to the 162nd Judicial District Court of Dallas County, Texas.

Respectfully submitted,

SOMMERMAN, MCCAFFITY, QUESADA & GEISLER, LLP

*/s/ Sean J. McCaffity*
Sean J. McCaffity
State Bar No. 24013122
smccaffity@textrial.com
Alexandria Risinger
State Bar No. 24095215
arisinger@textrial.com
3811 Turtle Creek Dr., Suite 1400
Dallas, TX 75219
214/720-0720
214/720-0184 (fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2019, a true and correct copy of the foregoing Motion was served electronically on counsel for Defendants.

*/s/ Sean J. McCaffity*
Sean J. McCaffity