IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PAULA MCCAULEY, §
§
    Plaintiff, §
§ Civil Action No. 3:19-CV-2673-D
VS. §
§
THE KROGER CO., et al., §
§
    Defendants. §

MEMORANDUM OPINION
AND ORDER

In this removed action arising from a slip and fall at a grocery store, plaintiff Paula McCauley ("McCauley") moves to remand the case to state court, contending that defendants The Kroger Co. d/b/a Kroger Store and Kroger Texas, L.P. d/b/a Kroger Store (collectively, "Kroger") have failed to show that the amount in controversy exceeds $75,000, exclusive of interest and costs, and that Kroger's removal is untimely. For the reasons that follow, the court denies the motion.

I

McCauley filed suit against Kroger in state court on April 12, 2019 to recover for injuries she alleges she sustained from slipping and falling on leafy greens, debris, and water in the store. Kroger sent a letter to McCauley's counsel on September 26, 2019, requesting that McCauley stipulate by October 15, 2019 that her damages did not exceed $75,000. On October 15, 2019 McCauley's counsel requested additional time to respond, which Kroger's counsel granted. But McCauley did not respond. Instead, on October 31, 2019 her counsel

sent a written settlement demand in the amount of $75,000.

Eight days later, on November 8, 2019, Kroger removed the case to this court on the basis of diversity of citizenship. McCauley now moves to remand on two grounds: first, that defendants cannot meet the requirement of 28 U.S.C. § 1332(a)(1) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and, second, that removal was untimely.

II

As the removing party, Kroger "has the burden of overcoming an initial presumption against jurisdiction and establishing that removal is proper." *Carnes v. Data Return, LLC*, 2005 WL 265167, at *1 (N.D. Tex. Feb. 1, 2005) (Fitzwater, J.) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). "In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing 28 U.S.C. § 1441(a)). The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are completely diverse citizens. *See* 28 U.S.C. § 1332(a); *see also Uglunts v. Americare Servs., Inc.*, 2013 WL 3809681, at *1 (N.D. Tex. July 23, 2013) (Fitzwater, C.J.). But any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

III

The court considers first whether Kroger has met its burden of establishing that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

A

To determine the amount in controversy, the court looks initially to McCauley's state court petition. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998)). If the plaintiff's state court petition demands monetary relief of a stated sum, that sum, if asserted in good faith, is deemed to be the amount in controversy. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014). But when the plaintiff's state court petition does not demand relief of a stated sum, the defendants' notice of removal must make "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. No evidence is required unless and until the plaintiff contests, or the court questions, the allegation. *See id.*

If the plaintiff contests the allegation, then the defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been satisfied. *Id.* at 88 (explaining that, if plaintiff contests defendant's allegation, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied"); *see also Allee Corp. v. Reynolds & Reynolds Co.*, 2015 WL 1914663, at *3 (N.D. Tex. Apr. 28, 2015) (Fitzwater, J.). The defendants' burden "is met if (1) it is apparent from the face of the petition that the claims

are likely to exceed $75,000, or, alternatively, (2) the defendant[s] set[] forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (internal quotation marks omitted). If the defendants can produce evidence sufficient to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs. *See De Aguilar*, 47 F.3d at 1412.

B

McCauley contends that it is not facially apparent from her state court petition that her claims exceed the jurisdictional threshold because she did not plead a specific amount of damages in state court, and that Kroger has failed to provide any other evidence that the amount in controversy exceeds $75,000. McCauley maintains that her medical bills total only $21,281.51, and that although she did not respond in writing to Kroger's "attempt[] to engineer diversity jurisdiction by requiring a stipulation by a [certain] date," she "did make a written settlement demand at the $75,000.00 limit, signaling to the Defendant that the case was worth no more than $75,000.00." P. Mot. 4. McCauley also posits that she "did not refuse to stipulate to $75,000.00; rather [she] had simply not yet returned a signed copy of the letter before removal." *Id.* at 5. To the extent the failure to stipulate is some evidence of claims exceeding the jurisdictional threshold, McCauley asserts that it is merely one factor among many and is not itself sufficient to establish jurisdiction.

Kroger responds that McCauley's failure to stipulate is evidence that her claims place more than $75,000 in controversy. Kroger contends that the settlement demand is further evidence that her claims are worth more than $75,000 because it would be unreasonable to "demand $75,000 as a compromise of a claim worth less" than that number. D. Resp. 4. Kroger also maintains that McCauley's current medical bills totaling $21,281.51 show that the amount in controversy exceeds $75,000 because McCauley "notes in her disclosures [that] past medical expenses will continue to increase" and states that "this is not a final amount." *Id.* Kroger contends that, because the medical bills only include past damages without an indication of future medical expenses or any estimate of her mental anguish, physical pain and suffering, and physical impairment, the medical bills demonstrate that McCauley's damages are likely to exceed the jurisdictional threshold. McCauley has not filed a reply to Kroger's response.

C

1

As a preliminary matter, both parties agree—and the court concurs—that it is not apparent from the face of McCauley's state court petition that she intends to recover more than the threshold jurisdictional amount. The petition does not place a specific value on her damages. Indeed, the Texas Rules of Civil Procedure contain "no provision . . . permitting a plaintiff to plead for damages [below $75,000, exclusive of interest and costs]." *Ford v. United Parcel Serv., Inc. (Ohio)*, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (Fitzwater, C.J.) (noting that Tex. R. Civ. P. 47(c) "requires that Texas plaintiffs plead in

certain predefined ranges" with the lowest range being "only monetary relief of $100,000 or less"). Moreover, the petition contains insufficient facts from which to infer damages in excess of $75,000, exclusive of interest and costs. For these reasons, the court reviews the evidence that Kroger proffers to support its contention that the damages sought exceed the minimum jurisdictional threshold, including McCauley's failure to stipulate, her $75,000 settlement demand, and her claims for present and future damages.

2

Although a plaintiff's refusal to stipulate does "indicate[] that the actual amount in controversy . . . exceed[s] that sum," *Heitman v. State Farm Mutual Automobile Insurance Co.*, 2002 WL 546756, at *3 (N.D. Tex. Apr. 9, 2002) (Fitzwater, J.), "it must be balanced against all the evidence," *Pier 1 Imps. (U.S.), Inc. v. U.S. Xpress, Inc.*, 2006 WL 8438468, at *1 (N.D. Tex. Mar. 10, 2006) (McBryde, J.). *See also Cox v. Liberty Mut. & Credit Collection Servs.*, 2011 WL 98374, at *3 (N.D. Tex. Jan. 12, 2011) (Lynn, J.) (quoting *Johnson v. Dillard Dep't Stores, Inc.*, 836 F. Supp. 390, 394 (N.D. Tex. 1993) (Mahon, J.)) (holding that a failure to stipulate is one factor but "alone it is not reason to deny remand"). In other words, a plaintiff's refusal to stipulate must be accompanied by other evidence that supports the proposition that plaintiff's damages exceed the minimum jurisdictional amount.

Here, evidence of McCauley's current medical bills and the claims in her state court petition combine with her refusal to stipulate to prove by a preponderance of the evidence that she seeks recovery in excess of $75,000, exclusive of interest and costs. *See Cox*, 2011 WL 98374, at *3 (explaining that "courts have denied remand based, in part, on a plaintiff's

refusal to stipulate damages," and other factors such as alleging "multiple harms" or a plaintiff's admission that "damages could be as much as the amount in controversy"). In her state court petition, McCauley asserts negligence-based claims and damages, including reasonable and necessary medical expenses, mental anguish in the past and future as a result of physical injuries, physical pain and suffering in the past and future, physical impairment or incapacity, lost wages and/or lost earning capacity, and disfigurement. Although McCauley contends that "there is ample evidence that [her] claims do not satisfy the requisite amount in controversy" because her current "medical bills total $21,281.25[,] well below the jurisdictional threshold," P. Br. 4, these bills encompass only the actual damages already incurred, not the *future* damages or mental anguish she claims in her petition. Thus McCauley's medical bills—which she maintains will increase—coupled with her ongoing treatment, future damages, and failure to stipulate demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See, e.g., Thornton v. Racetrac Petroleum Inc.*, 2013 WL 11330885, at *4 (N.D. Tex. Nov. 22, 2013) (Solis, J.) ("[C]laimed medical expenses [below $75,000] and Plaintiff's claims for physical impairment and past and future physical pain and mental anguish satisfie[d] the Court that . . . Plaintiff's claims will exceed the jurisdictional amount required for diversity jurisdiction.").

3

Having found that Kroger has carried its burden to demonstrate that the amount in controversy exceeds $75,000, exclusive of interest and costs, the court "must consider

whether Plaintiff has shown that it is legally certain that her recovery will not exceed the jurisdictional minimum." *Bourne v. Wal-Mart Stores, Inc.*, 582 F.Supp.2d 828, 840 (E.D. Tex. 2008). "This may be proven by," for example, "filing a binding stipulation or affidavit before removal or by citing to a state statute which legally limits the plaintiff's recovery." *Cotton v. Kroger Tex. L.P.*, 2019 WL 6878828, at *4 (E.D. Tex. Dec. 17, 2019); *see also Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226 at *1 n.5 (5th Cir. 2002) (per curiam) ("[Plaintiff] was free, but failed, to file a binding stipulation to the court prior to removal indicating that she would seek no more than $75,000 in damages. Such a stipulation timely filed could have prevented removal."). McCauley has done neither. Because McCauley has offered no other evidence to show to a legal certainty that she cannot recover in excess of the minimum jurisdictional threshold, the court holds that Kroger has demonstrated that her recovery will likely exceed the sum of $75,000, exclusive of interest and costs, thereby establishing the amount-in-controversy requirement for diversity jurisdiction.

IV

The court turns next to McCauley's contention that Kroger's removal is untimely.

A

Where, as here, a case is not removable based on the initial pleading, 28 U.S.C. § 1446(b)(3) governs the timeliness of removal. Section 1446(b)(3) provides that "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.

§ 1446(b)(3) (emphasis added); *see also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). For a document to constitute an "other paper," it "must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction." *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (citing *S.W.S. Erectors*, 72 F.3d at 494).

B

McCauley contends that Kroger's removal is untimely because Kroger "removed the case approximately sixty days after it was served with discovery responses indicating the Plaintiff's medical expenses were [only] $16,500." P. Mot. 6. She asserts that "[t]here were no 'other pa[pers]' that [Kroger] can point to that established a new amount in controversy in excess of $75,000.00." *Id.* McCauley maintains that, because this is "a routine slip and fall case with damages below the jurisdictional floor," and Kroger demanded a stipulation only when "[f]aced with the prospect of a state court trial," the court is required to remand the case. *Id.* at 6, 7.

Kroger responds that removal was timely because, as McCauley "correctly notes in her motion . . . she did not allege a specific amount of damages in her state court petition," and "[i]t was thus not clear from her pleadings what damages she sought," which is "why Defendant requested a stipulation." D. Resp. 5. Kroger asserts that "[e]ven using the original and earliest date to stipulate [October 15, 2019], [Kroger's] removal was less than 30 days later[.]" *Id.*

C

The court concludes that Kroger's removal was timely because Kroger removed within 30 days of receiving "other paper" from McCauley. At the outset, the court notes that McCauley's failure to stipulate is insufficient to constitute an "other paper" because a "failure to act or respond cannot have the effect of transforming defense counsel's letter into 'other paper.'" *Russell v. Home State Cty. Mut. Ins. Co.*, 244 F.Supp.2d 669, 672 (E.D. La. 2003). But McCauley's settlement demand—when viewed alongside her claims, current medical bills, and failure to stipulate—does constitute "'other paper' . . . which gave [Kroger] notice that the case was removable." *Addo*, 230 F.3d at 761 (holding that post-complaint demand letter constituted "other paper" for ascertaining amount in controversy).

Settlement demands often "demonstrat[e] plaintiff's counsel's evaluation of an appropriate compromise" for the entirety of a plaintiff's case and not "a fixed ceiling on a plaintiff's damages should a case proceed to trial." *Nelson v. Family Dollar Stores of La., Inc.*, 2005 WL 517504, at *3 (E.D. La. Feb. 18, 2005) (collecting cases). Thus although the settlement demand in this case requested an amount one cent shy of the jurisdictional minimum, the demand nevertheless provided notice to Kroger that the case had become removable. This is because the demand placed a compromised value on the total amount in controversy, making it clear for the first time that McCauley actually seeks some amount higher than $75,000, exclusive of interest and costs. *See, e.g., Vess-Lowe v. Dollar Gen. Corp.*, 2010 WL 1875605, at *2 (N.D. Tex. May 10, 2010) (Lindsay, J.) ("Given the implication of additional costs and medical treatment, the value of Plaintiff's claim would

increase above the amount in the demand letter."). Because Kroger removed this case within 30 days of its receipt of this "other paper," removal was timely.

\* \* \*

For the reasons explained, the court denies McCauley's motion to remand.

**SO ORDERED**.

January 14, 2020.

                                                    SIDNEY A. FITZWATER
                                                  SENIOR JUDGE