**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PAULA MCCAULEY,** | § | |
| **Plaintiff.** | § | |
| | § | |
| | § | |
| | § | **CIVIL ACTION NO. 3:19-cv-02673** |
| | § | |
| **VS.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **THE KROGER CO. D/B/A KROGER** | § | |
| **STORE, AND KROGER TEXAS, L.P.** | § | |
| **D/B/A KROGER STORE.** | § | |
| **Defendants.** | § | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF
VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Paula McCauley, Plaintiff, files this Reply to Defendants' Response to Plaintiff's Notice

of Voluntary Dismissal Without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2),

and would respectfully show the Court as follows:

**1.00   PLAINTIFF HAS THE RIGHT TO DISMISSAL WITHOUT PREJUDICE AND WITHOUT
CONDITIONS**

This Court should dismiss Plaintiff's case without prejudice and without conditions.

Defendants' response requests this Court to deny Plaintiff's Request for Dismissal without

prejudice because: (1) a scheduling conference has been held; (2) two months have passed since

Plaintiff's Motion to Remand was denied; and, (3) Defendant prepared a response brief to

Plaintiff's Motion to Remand. None of these reasons amount to prejudice to Defendant if this Court

grants Plaintiff's request for an unconditional voluntary dismissal. No substantive work has been performed; Plaintiff's deposition has not been taken, the depositions of Defendants' corporate representatives have not been taken, Defendants have filed no dispositive motions, and provided no expert reports.

Additionally, Defendants' request for attorneys' fees associated with work not transferrable to a state-court action should be denied. There is a strong presumption in the United States against attorney fee shifting; in *Alyeska*, the Supreme Court recognized the "American Rule" that, absent express statutory authority, bad faith or willful disobedience of a court order, each party should bear the cost of its own attorneys' fees. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S. Ct. 1612, 44 L. Ed.2d 141 (1975), Under 41(a)(2), Defendants have no automatic right to attorneys' fees under the circumstances of this case and an award of attorneys' fees would be an inappropriate violation of The American Rule. Even if the circumstances in this case made an award of attorneys' fees appropriate, Defendants' work on the scheduling order will transfer to state court.

## 2.00   DEFENDANTS ARE NOT ENTITLED TO ATTORNEYS' FEES AND COSTS

This Court should not condition the dismissal upon payment of attorneys' fees and costs. Attorneys' fees are not a defendant's right when a plaintiff requests voluntary dismissal; rather, the circumstances of the particular case will dictate when they should be awarded. *Tex. Midstream Gas Services, LLC v. City of Grand Prairie*, 3:08-CV-1724-D, 2010 WL 3565232, at *4 (N.D. Tex. Sept. 8, 2010), *citing* 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2366, at 534–37 (3d ed.2008) ("[i]t appears somewhat anomalous to require the payment of an attorneys' fee if the plaintiff would not have been liable for the fee had the plaintiff lost the case on the merits" and the court should award fees "in light of the circumstances of the

particular case"). In Skokos, the Court refused to award attorney's fees under 41(a)(2) after considering to the presumption against attorney fee shifting, or the American Rule. *Skokos v. Daniels*, 3:12-CV-4344-D, 2013 WL 6578997, at *3 (N.D. Tex. Dec. 16, 2013). Defendants have not presented a sufficient rationale to support their conclusory request for attorneys' fees. No discovery has been conducted after removal. Plaintiff has been diligent and economical in seeking dismissal. Considering the circumstances of this case, this Court should conclude that Plaintiff should not be required to pay Defendants' attorneys' fees, which would be a departure from the American Rule that each party pays its own fees. The equities favor dismissal without prejudice or conditions.

### A.      *Arrington is Distinguishable: Defendants Point to No Effort and Expense That Will Not Be Transferrable To A State-Court Action*

Defendants rely on *Arrington v. Kroger* to support their claim for attorneys' fees and costs associated with Plaintiff's voluntary dismissal. (Dkt. #17); *Arrington v. Kroger Tex. L.P.*, 3:15-CV-2631-D, 2016 WL 4207991, at *1 (N.D. Tex. Aug. 10, 2016)). *Arrington* is distinguishable from the present case. *Id*. In *Arrington*, the defendant spent significant time preparing documents, propounding and responding to discovery, and defending its case in federal court. In this case discovery has not even commenced.

The decision in *Hartford Acc. & Indem. Co.v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352 (5th Cir. 1990), illustrates how much time and effort in defending a suit is enough to justify denying or conditioning a Rule 41 dismissal. In *Hartford* the plaintiff waited ten months to seek dismissal after removal to federal court, seeking dismissal after "hearings were conducted on various issues, significant discovery was had, Costa had already been granted summary judgment, and a jury trial had been set for the remaining defendants." *Id.*

In this case, the parties have conducted no discovery, there have been no hearings, and the only issue that has been decided is this Court's jurisdiction. This weighs in favor of granting voluntary dismissal. *See, e.g., John M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 Fed. App'x 76, 77-79 (5th Cir. 2010) (affirming Rule 41 dismissal even though there had been "extensive motion practice and discovery," because only 7 months had elapsed since removal, no dispositive motions were filed, and depositions had not begun); *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003)(dismissal under Rule 41 denied after both sides had attendended several scheduling conferences, had filed responsive pleadings in addition to motions to compel, motions for expedited hearing, motions to dismiss, motions for oral arguments, and a motion for rehearing); *Scarlott v. Ocwen Loan Servicing, LLC*, 2014 WL 1795243 at *4 (S.D. Tex. 2014) (case pending for 6 months before motion to dismiss "was not at a late stage of trial proceedings").

Nor will Defendants suffer prejudice based on the time and effort it spent on the jurisdiction issue, because when Plaintiff refiles in Dallas County; Texas Defendants will only have exposure of $75,000.00, excluding costs and interest, and it can assert its state counterclaims or defenses. Defendants will lose no potential defenses because Texas law will govern the state-court case. *See Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990) (holding that there was no plain legal prejudice where the plaintiff refiled in state court, because it would be "governed by exactly the same choice of law principles in Texas federal or state court").

Finally, each party should bear their own costs and fees because any effort expended by Defendants in this case is transferrable to a future state court action, including, for example, the parties' briefing on the jurisdictional issues and scheduling conference.

**B.    *In the Alternative, Other Conditions More Appropriate than the Award of Attorneys' Fees***

In the alternative, this Court should impose other conditions to eliminate Defendants' alleged harm. In *Skokos*, the Court considered the presumption against attorney's fees and found that attorney's fees were not appropriate for the circumstances. *Skokos v. Daniels*, 3:12-CV-4344-D, 2013 WL 6578997, at *1 (N.D. Tex. Dec. 16, 2013). Similarly in this case, other conditions should be considered instead of the award of attorney's fees. Defendants assert that Defendants are entitled to attorneys' fees in order to avoid harm under two bases: 1) the parties' 26(f) scheduling conference; and, 2) Defendants briefing for Defendants' Motion to Remand. In the alternative, Plaintiff asks this Court to accept the following stipulations in lieu of attorneys' fees. 1) Plaintiff's execution of the damages stipulation for her state court cause of action; 2) Plaintiff's agreement to file a state court cause of action within 10 days of the voluntary dismissal and agreement to follow the deadlines the parties set forth in the parties' 26(f) scheduling conference.

**3.00   DEFENDANTS' RESPONSE POINTS TO NO UNFAIR PREJUDICE/NO PLAIN LEGAL PREJUDICE: DISMISSAL IS APPROPRIATE.**

Defendants' Response asserts that unconditional dismissal would result in unfair prejudice because: 1) Plaintiff waited two months after remand was denied to move for dismissal; and, 2) this Court denied Plaintiff's Motion to Remand and dismissal would allow Plaintiff to file in state court.

Defendants misstate the standard for unfair prejudice: legal prejudice exists when the movant seeks dismissal late in the case; when it seeks to avoid an imminent adverse ruling; or when it will deprive the defendants on refiling of an otherwise available defense. *See Harris v. Devon Energy Production Co., L.P.*, 500 Fed. App'x. 267, 268 (5th Cir. 2012). None of these scenarios are applicable to the present case. Defendants' Response admits that there is no deprived defense if this case is volunatily dismissed.

Plaintiff's dismissal does not come late in the case. No depositions have been taken at the federal level, including but not limited to, the Plaintiff's deposition. No experts have been designated by the Defendants. Defendants have submitted no written discovery requests at the federal level. The two-month period between the denial of remand and this dismissal, with no evidence of Defendants creating new discovery or pleadings in this time, has no bearing on the determination of prejudice to the Defendants. Considering the circumstances of *Hartford*, where hearings had been held and 10 months had elapsed between removal and plaintiff's motion for dismissal, Defendants' evidence fails to amount to prejudice. *Hartford,* 903 F.2d at 360.

Importantly, this is not a situation where Plaintiff is seeking to avoid an *expected* adverse result; there is no motion to dismiss with prejudice, motion for summary judgment or other expected motion pending on this Court's docket. *See Radiant Tech. Corp. v. Electrovert USA Corp.,* 122 F.R.D. 201, 203-204 (N.D. Tex. 1988) "[O]utright dismissal should be refused . . . when a plaintiff seeks to circumvent an *expected* adverse result."(emphasis added). Defendants allege that this Court's prior ruling on Plaintiff's Motion to Remand is a relevant factor under Rule 41(a)(2). Significantly, Defendants do not cite to a single case which supports their assertion that a prior denial of a remand is a reason to deny Plaintiff's request for voluntary dismissal. Further, courts have found that even when a pending case-dispositive motion exist, voluntary dismissal is not necessarily precluded. *Kumar v. St. Paul Surplus Lines Ins. Co.,* 2010 WL 1946341, at *2 (N.D.Tex. May 12, 2010)(O'Connor, J.). Similarly, "it is no bar to dismissal that plaintiff may gain some tactical advantage." *Radiant,*122 F.R.D. at 203.

## 4.00   CONCLUSION

For the foregoing reasons, Paula McCauley respectfully requests that the Court grant her Notice of Dismissal Without Prejudice pursuant to ***Fed. R.Civ.P. 41(a)(2)).***

Respectfully submitted,

SOMMERMAN, MCCAFFITY, QUESADA & GEISLER, LLP

*/s/ Sean J. McCaffity*
Sean J. McCaffity
State Bar No. 24013122
smccaffity@textrial.com
Alexandria Risinger
State Bar No. 24095215
arisinger@textrial.com
3811 Turtle Creek Dr., Suite 1400
Dallas, TX  75219
214/720-0720
214/720-0184 (fax)

ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 4/27/2020, a true and correct copy of the foregoing Reply was served electronically on counsel for Defendants.

*/s/ Sean J. McCaffity*
Sean J. McCaffity