IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAULA MCCAULEY, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:19-CV-2673-D |
| VS. § | |
| § | |
| THE KROGER CO. d/b/a KROGER § | |
| STORE, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Paula McCauley ("McCauley") moves under Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss this removed action without prejudice. Defendant Kroger Texas, L.P. ("Kroger")[*] opposes the motion. For the reasons that follow, the court conditionally grants McCauley's motion to dismiss without prejudice and directs the parties to proceed according to this memorandum opinion and order.

I

McCauley sued Kroger in state court on April 12, 2019, alleging negligence-based claims arising from a slip and fall at a Kroger Store. Kroger removed the case to this court on the basis of diversity jurisdiction on November 8, 2019.

On December 6, 2019 McCauley filed a motion to remand, arguing that Kroger had failed to show that her recovery would likely exceed the sum of $75,000, exclusive of interest

---

[*]McCauley's state court petition incorrectly names Kroger as "The Kroger Co. d/b/a Kroger Store and Kroger Texas, L.P. d/b/a Kroger Store." Not. of Removal at 1.

and costs, thereby establishing the amount-in-controversy requirement for diversity jurisdiction. She also argued that Kroger's removal was untimely. The court denied McCauley's motion to remand on both grounds. *See McCauley v. Kroger Co.*, 2020 WL 208816, at *3, 4 (N.D. Tex. Jan. 14, 2020) (Fitzwater, J.).

On March 23, 2020 McCauley filed a "notice" of voluntary dismissal without prejudice. That same day, the court entered an order stating that because Kroger had already filed an answer prior to removal, it would treat McCauley's "notice" as a motion to voluntarily dismiss under Rule 41(a)(2). Kroger then filed a response opposing McCauley's motion. The motion is now ripe for decision.

II

A

Under Rule 41(a)(2), after a defendant has answered, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

> As a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. Legal prejudice exists where dismissal causes the non-movant to be stripped of an otherwise available defense. Dismissal can also cause legal prejudice when a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort.

*Tex. Midstream Gas Servs., L.L.C. v. City of Grand Prairie*, 2010 WL 3565232, at *2 (N.D. Tex. Sept. 8, 2010) (Fitzwater, C.J.) (citations, quotation marks, and brackets omitted). Dismissal should also be refused where the defendant demonstrates: "(1) that dismissal will

preclude the court from deciding a pending case or claim-dispositive motion; or (2) that there is an objectively reasonable basis for requesting that the merits of the action be resolved in this forum in order to avoid legal prejudice." *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203 (N.D. Tex. 1988) (Fitzwater, J.). And "[o]utright dismissal should be refused . . . when a plaintiff seeks to circumvent an expected adverse result." *Id*. But absent prejudice to the defendant, "courts should not require that a plaintiff continue to prosecute an action that it no longer desires to pursue. Instead, the court should permit dismissal after imposing any conditions necessary to eliminate harm to the defendant." *Id.* at 204 (citation omitted) (noting that such conditions will vary depending on circumstances of case).

B

The court concludes that permitting McCauley to dismiss this action without prejudice will not cause Kroger to suffer some plain legal prejudice other than the mere prospect of a second lawsuit. There is no indication in the record that it will be stripped of an otherwise available defense. McCauley has not waited to seek dismissal until a late stage of the case, after Kroger has exerted significant time and effort. Kroger has not demonstrated that dismissal will preclude the court from deciding a pending case or claim-dispositive motion because no such motion is pending. Nor does the court find that there is an objectively reasonable basis for Kroger to request that the merits of the action be resolved in this forum in order to avoid legal prejudice. Only a handful of pleadings have been filed and no discovery has been conducted since removal. Although the parties have briefed, and the court has decided, a motion to remand, this motion addressed whether the case was properly

removed, not the merits. In fact, considering the stage at which McCauley's motion is brought, the proceedings that have transpired, and the absence of a prior merits-related ruling or pending merits-related motion, this case presents a far easier one for granting conditional dismissal without prejudice under Rule 41(a)(2) than have others that the court has decided previously.

### III

Having determined that it should grant McCauley's motion for voluntary dismissal under Rule 41(a)(2), the court now considers the terms on which it should condition dismissal.

### A

Rule 41(a)(2) specifically provides that dismissal may be "on terms that the court considers proper" based on the circumstances of the case. "A district court generally imposes terms and conditions when granting a motion for a voluntary dismissal under Rule 41(a)(2) in order to protect the defendant." *Cranford v. Morgan S. Inc.*, 333 Fed. Appx. 852, 855 (5th Cir. 2009) (per curiam). A "plaintiff has the option to refuse a Rule 41(a)(2) voluntary dismissal and to proceed with its case if the conditions imposed by the court are too onerous," although the plaintiff must make a timely election. *Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990). The court concludes that the following conditions should be imposed.

B

Kroger requests that McCauley stipulate that she is not seeking, and will not seek in the future, damages in excess of $75,000, exclusive of interests and costs, and that if the jury awards her more than $75,000 in damages, she will agree to a remittitur that establishes the total damages awarded to Kroger at $75,000, exclusive of interests and costs. McCauley does not appear to object to this request. *See* P. Br. 4 ("[If] plaintiff refiles in Dallas County, Texas, Defendants will only have exposure of $75,000.00, excluding costs and interest[.]"); P. Reply 5 (proposing, in lieu of attorney's fees, that McCauley would, *inter alia*, "execut[e] . . . the damages stipulation for her state court cause of action."). Accordingly, the court conditions the voluntary dismissal of this suit on McCauley's stipulating that she will seek damages in state court in an amount of no more than $75,000, exclusive of interests and costs, and that, if the jury awards her more than $75,000 in damages, exclusive of interests and costs, she will agree to a remittitur that establishes the total damages awarded to McCauley at $75,000, exclusive of interests and costs.

C

Kroger also requests that McCauley reimburse Kroger for its taxable costs and the attorney's fees that Kroger incurred in connection with work that will not transfer to a state-court action. McCauley opposes this request, contending that there is a strong presumption in the United States against fee shifting and that even if the circumstances in this case made an award of attorney's fees appropriate, Kroger's work on the scheduling order will transfer to state court.

The court concludes that McCauley should be required to reimburse Kroger for its taxable costs of court that will not be taxed in the state court. "When establishing conditions for a voluntary dismissal, 'usually the district judge at least should require that the plaintiff pay the costs of the litigation.'" *Tex. Midstream Gas Servs.*, 2010 WL 3565232, at *4 (quoting 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2366, at 527 (3d ed. 2008) (noting that such practice "has become commonplace")).

As for Kroger's request for reimbursement of its attorney's fees, the court conditions dismissal on the requirement that McCauley reimburse Kroger for the attorney's fees it incurred for work that will not transfer to McCauley's planned state court action. *See Arrington v. Kroger Texas L.P.*, 2016 WL 4207991, at *4 (N.D. Tex. Aug. 10, 2016) (Fitzwater, J.) (conditioning dismissal under Rule 41(a)(2) on the requirement that plaintiff reimburse defendant for the attorney's fees and deposition costs that would not transfer to plaintiff's planned state court action). Prior to removal, Kroger asked McCauley to stipulate that her damages did not exceed $75,000. *See* Not. of Removal Ex. 9. When McCauley failed to do so, Kroger removed the case. Kroger then incurred attorney's fees when successfully opposing McCauley's motion to remand. McCauley is now proposing to do the very thing that Kroger requested in September 2019, i.e., execute a damages stipulation. The court therefore concludes that McCauley should be required to reimburse Kroger for the attorney's fees it incurred as a result of removing this case and successfully opposing McCauley's motion to remand. These fees would have been avoided entirely had McCauley executed the damages stipulation that Kroger requested and the case remained in state court.

- 6 -

The court therefore directs McCauley and Kroger to attempt to agree on the sum that represents the reasonable attorney's fees that Kroger incurred as a result of removing this case and successfully opposing McCauley's motion to remand and the taxable costs of court that will not be taxed in the state court. If the parties can agree to this amount, they may inform the court in writing, and the court will enter a conditional order of dismissal. If the parties cannot agree to this amount, Kroger must submit its request for attorney's fees and taxable costs and accompanying appendix. Any response and opposing evidence must be filed within 21 days thereafter. Kroger may then file a reply within 14 days of the date the response is filed. The court will then determine the reasonable attorney's fees and taxable costs to be recovered as a condition of dismissal.

IV

After the parties agree to, or the court calculates, the appropriate fees and taxable costs to be paid by McCauley, she will have four options:

> First, [she] can accept the dismissal with its condition[s], in which case the defendant[] ha[s] [an] enforceable judgment[] which [it] can execute. Second, [she] can decline to dismiss, decline to pay, and "take [her] chances on a trial." Third, [she] can accept the dismissal and decline to pay, in which case this court may dismiss [the] action[] with prejudice. Fourth, [she] can withdraw [her] motion[.]

*Radiant Tech. Corp.*, 122 F.R.D. at 205-06 (some alterations in original) (citations omitted). Accordingly, within 14 days of the date either that the parties inform the court that they have agreed to the appropriate fees and taxable costs, or that the court files its conditional award, McCauley must inform the court of the option she has elected. The court will then proceed

accordingly.

**SO ORDERED**.

April 29, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE